Filed 1/11/21  P. v. Romero CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL ROMERO,<br><br>    Defendant and Appellant. | B305900<br><br>(Los Angeles County Super. Ct. No. VA115049-03) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Defendant and appellant Daniel Romero appeals the trial court's order denying his petition for habeas corpus in the Superior Court.

In an amended information filed on July 15, 2011 against Romero and two co-defendants, Romero was charged with second degree robbery (Pen. Code, § 211 [count 2]),[1] attempted murder (§§ 187, subd. (a), 664 [count 3]), and kidnapping to commit another crime (§ 209, subd. (b)(1) [count 4]). It was alleged as to all three counts that Romero committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang. (§ 186.22, subd. (b)(1)(C).) With respect to count 4, it was further alleged that the offense was punishable by a life sentence in state prison. (§ 186.22, subd. (b)(5).)

On November 3, 2011, Romero pleaded no contest to second degree robbery (§ 211) and the gang allegation (§ 186.22, subd. (b)(1)(C)). He was sentenced to the high term of 5 years in state prison, plus 10 years for the enhancement, for a total determinate sentence of 15 years.

On April 19, 2019, Romero petitioned for habeas corpus in the Superior Court. In his petition, Romero requested a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261, at which he could present evidence of youth-related factors relevant to his parole determination. In a minute order dated January 16, 2020, the trial court summarily

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

denied the petition on the basis that Romero was ineligible. Romero timely appealed.

We appointed counsel. After reviewing the record, counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496, stating that he found no arguable issues to raise on appeal, and had informed Romero of his right to file a supplemental brief on his own behalf. On September 16, 2020, we advised Romero that he had 30 days to submit any contentions or issues he wished us to consider. Romero filed a supplemental brief on October 5, 2020. The supplemental brief did not raise any arguments relevant to the issues raised in the habeas petition.

A defendant may not appeal denial of a petition for writ of habeas corpus. (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 986.) Accordingly, we will dismiss the appeal. We note that, although the appropriate vehicle by which to request a *Franklin* proceeding was unclear at the time Romero filed his habeas petition, our Supreme Court has subsequently held that a defendant whose conviction is final may request an evidence preservation proceeding pursuant to *Franklin* by filing a motion in the Superior Court under section 1203.01.[2] (*In re Cook* (2019) 7 Cal.5th

---

[2] In *Cook*, the Supreme Court did not address whether "the writ of habeas corpus is expansive enough to afford Cook the relief he seeks. Cook has a plain, speedy, and adequate remedy at law that makes resort to habeas corpus unnecessary, at least in the first instance. [Citations.]" (*Cook, supra*, 7 Cal.5th at p. 452.)

439, 458 (*Cook*).  The Supreme Court has advised that "the proper avenue is to file a motion in superior court under the original caption and case number, citing the authority of section 1203.01 and [the *Cook*] decision.  The motion should establish the inmate's entitlement to a youth offender parole hearing and indicate when such hearing is anticipated to take place, or if one or more hearings have already occurred." (*Ibid.*)

The appeal is dismissed.



MOOR, J.


We concur:




RUBIN, P. J.




BAKER, J.


4